Per Curiam.

A motion is made, in this case, for a certiorari to bring up a perfect record, on a suggestion of diminution; which is resisted by the plaintiffs in error, on two grounds: — l. That to the assignment of errors, the defendants in error have pleaded in nullo est erratum ; and 2. That it is not sufficiently shown that the imperfection in the record, if any, can be amended, or that such amendment is material.
By rule of this court, no certiorari will be allowed after assignment of errors, and rejoinder. This is not an arbitrary rule, but it is founded on legal principles. The plea of in motto est erratum is like a demurrer. It admits that the causes assigned for error exist in the record; but insists that they are not sufficient to justify a reversal of the judgment. By taking issue, the party virtually admits that the record is a correct one, and he will not afterwards be heard to say that it is incorrect. If he wished amendments which could be properly made below, he should not have joined in error until they were made; and by motion, the operation of the rule requiring a joinder in error might have been suspended. But here a matter is assigned as error apparent on the record; issue is taken to it, which admits that it does exist, but denies that it is error; and now a certiorari is moved for, in order to show that it does not exist.
We have not generally required absolute proof of the defect of the record, but have usually relied on the statements made by counsel, without further showing. But certainly satisfactory proof must be made, if required, that the record is imperfect in a material matter, and that it can be corrected by certiorari. In this case, the application is resisted, and counsel have insisted that a sufficient showing should be made; and the counsel urging the motion will not undertake to say that the record can be perfected in a material part, but only that he has been informed that it can.
Strictly this is an insufficient showing; and as it is resisted, the motion must be denied.